MATTER OF PALSANG

In Visa Petition Proceedings

A-20752907

*Decided by Board July 9, 1976*

(1) United States citizen petitioner sought to classify beneficiary as an immediate relative spouse under section 201(b) of the Immigration and Nationality Act based on a marriage according to Tibetan custom and tradition contracted in India on July 10, 1974. As evidence of dissolution of beneficiary's prior marriage, she submitted an agreement sworn and executed by herself and her first husband dated November 28, 1974—four months after the date of the marriage which supports this petition. Beneficiary claims her first marriage was terminated under Tibetan custom and tradition in July 1973 when she and her first husband ceased to live together as husband and wife.

(2) Under sections 2 and 29 of the Hindu Marriage Act, 1955, No. 25, which is controlling in this case, a Buddhist marriage in India may be dissolved in accordance with custom without the intervention of a court. Section 3 of that Act requires that the custom be certain; not unreasonable, nor contrary to public policy. However, in order to claim the benefits of the custom, the party must prove the prevalence of the custom and its applicability to him.

(3) Where beneficiary did not substantiate the existence of the custom, or its applicability to her, there was no evidence that the dissolution of the marriage met the stated requirements, and the subsequent customary marriage was not valid for immigration purposes.

ON BEHALF OF PETITIONER: Thomas J. Watson, III, Esq.
Watson, Snow & Bartlett
225 Franklin Street
Boston, Massachusetts 02110

The United States citizen petitioner applied to have the beneficiary classified as an immediate relative spouse under section 201(b) of the Immigration and Nationality Act. In a decision dated June 24, 1975, the district director denied the petition on the ground that the beneficiary had a prior existing undissolved marriage. The petitioner has appealed. The appeal will be dismissed.

The petitioner and the beneficiary are both Buddhists, natives of Tibet; the beneficiary is a refugee in India. They were married according to Tibetan custom and tradition in India on July 10, 1974, and the marriage was attested by them in the Court of the Southern District Judicial Magistrate at Darjeeling, India, on July 13, 1974. However, the

beneficiary was previously married, apparently under Tibetan custom and tradition; a daughter was born of that union on July 6, 1970 in India.

An agreement dissolving the prior marriage was submitted. This agreement was sworn and executed by the beneficiary and her first husband before officials of The Darjeeling Tibetan Refugee Co-operative Collective Farming Society, Ltd. It, however, was dated November 28, 1974; this is four months after the date of the marriage which supports the visa petition.

On appeal counsel contends that the effective date of the dissolution of the beneficiary's first marriage is not November 28, 1974 the date of the agreement, but rather in July, 1973, when the parties ceased to live together as man and wife. He argues that under Tibetan tradition and custom, such cessation of cohabitation constitutes a lawful divorce between the parties.

In support of his contention counsel submitted a letter dated July 9, 1975, from the New York Office of the Representative of His Holiness of the Dalai Lama in New Delhi. In that letter it is stated in reference to the agreement dissolving the marriage dated November 28, 1974:

> The statement is not a formal decree, effective upon signing, since according to Tibetan custom, the divorce was legally effective when the couple ceased to reside as man and wife in July of 1973.

Inasmuch as the parties, at the time of the divorce, were domiciled in India, the legal provisions in India would govern such a divorce. Section 2 of the Hindu Marriage Act, 1955, No. 25, states in pertinent part:

> 2. (1) This Act applies—
>     (b) to any person who is a Buddhist . . . .

A Buddhist marriage in India may be dissolved under section 29 of the Hindu Marriage Act, 1955, No. 25, in accordance with custom without the intervention of a court. Additionally, under section 3 of the Act, the custom must be certain; not unreasonable, nor opposed to public policy. However, a party that desires to have the benefit of the custom must prove not only the prevalence of that custom, but also its applicability to him.

The existence of the custom, and its applicability to the beneficiary have not been substantiated. Absent evidence that a dissolution of the marriage meets the stated requirements, a subsequent customary marriage will not be recognized for immigration purposes.

The decision of the District Director was correct. Accordingly, the appeal will be dismissed.

Should the petitioner succeed in obtaining the proper decree establishing that the dissolution of the beneficiary's marriage occurred prior to his marriage to her, or if the petitioner remarries the beneficiary subsequent to a dissolution of her earlier marriage, he may submit a

new visa petition. In the alternative, the petitioner may seek her admission as a nonimmigrant fiancée of a citizen of the United States under section 101(a)(15)(K).

ORDER: The appeal is dismissed.